FILED

02/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0076

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

## BEFORE THE COMMISSION ON PRACTICE OF THE SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF JODY W. PALMER, An Inactive Attorney, Respondent. | Supreme Court Cause No. _____ ODC File No. 21-198 **COMPLAINT** **Rule 8.2, MRPC** |

By leave of the Commission on Practice granted on January 11, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Jody W. Palmer with professional misconduct as follows:

### General Allegations

1. Jody W. Palmer, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2021, at which time Respondent took the oath required for admission, wherein she agreed to abide by the Rules of Professional

*Complaint* - Page 1

Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. At all times relevant to this Complaint, Respondent was a sole practitioner with a limited law practice. The event giving rise to much of the conduct at issue resulted from Respondent's having served as *pro bono* counsel for the mother in a highly contentious parenting plan matter before the Eighteenth Judicial District Court, Gallatin County, case was captioned, *In RE the Marriage of Samuel Pruitt Bernhard and Dwy Neffar Bernhard*, Cause No. DR-18-234C.

4. Respondent represented the mother until Standing Master Magdalena Bowen entered an Order disqualifying Respondent on August 20, 2021; Respondent did not appeal the Order.

**COUNT ONE**

5. ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations as if fully restated in this Count One.

//

6. An election was held for Bozeman's Municipal Court Judge on November 2, 2021. Prior to the election, Respondent provided an interview on or about October 22, 2021, to Conservative News from Montana. The interview's premise was to "expose tyranny in Gallatin Family Court" and further, the "truth" about experiences in those courts, but focused specifically on Respondent's allegations toward Standing Master Bowen.

7. Respondent referenced her experience with Standing Master Bowen, and specifically, her disqualification in the *Bernhard* matter, as an example of Bowen's "usurpation of power" and inability to competently perform her job. Specific to *Bernard,* Respondent stated Standing Master Bowen used facts not in the record, removed her client's ability to have an attorney and did not provide her an opportunity to appeal the order, "used facts out of thin air", utilized non-existent rules and/or, were a "fabrication of [Standing Master Bowen's] imagination."

8. Respondent then subsequently wrote a Letter to the Editor in the Bozeman Daily Chronicle titled "Bowen Shouldn't Be on the Bench, Retain Harrington", reiterating these same allegations and more.

9. The article was published on or around October 26, 2021, and stated in part:

> "Bowen is incompetently performing her current role as family court standing master. She is many months behind in her cases, allowing children to languish in abusive homes sustaining long term psychological

damage. Bowen fails to learn the facts of her cases or engage in rigorous legal analysis expected of a judge, instead taking shortcuts by using imaginary facts and declining to review relevant law, resulting in ineffective decisions that increase litigation for the parties. If Bowen cannot manage her current courtroom, how will she manage as municipal judge? . . .

" . . . By many accounts, Bowen is known to favor parties whose attorney she "likes," which is lazy decision making and antithetical to impartial justice. . . Bowen has permitted racist dog whistles to be bandied about in her cases and reportedly neglected to provide requested disability accommodations to disabled parties. Dozens of attorneys and litigants who have suffered these deleterious actions fear speaking out because they don't trust Bowen to restrain herself from vindictively harming their careers or taking their children. Bowen should not be on the bench."

10. Respondent's statements in the October 22, 2021, interview and October 26, 2021, letter to the editor, contained statements about the contents of the disqualification order and Standing Master Bowen, that can be proven demonstrably false.

11. Once a lawyer is admitted to the bar, although they do not surrender their freedom of expression, they must temper their criticisms in accordance with professional standards of conduct. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1066 (1991) (*Quoting In Re Rouss*, 116 N.E. 782, 783 (1917)). Statements impugning the integrity of a judge may not be punished unless they are capable of being proved true or false. *Standing Comm. On Discipline of the United States Dist. Court v.*

*Complaint* - Page 4

*Yagman*, 55 F.3d at 1438. Because false statements impugning the integrity of a judge erode public confidence, they are subject to discipline. *Yagman*, 55 F.3d at 1439.

12. Respondent's conduct and statements as outlined above constitute a violation of Rule 8.2, MRPC, which prohibits an attorney from making statements about the qualifications or integrity of a judge which the lawyer knows to be false or are made with reckless disregard as to its truth or falsity.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

//

4. For such other and further relief as deemed necessary and proper.

DATED this 6th day of February 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: _____

Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6

# CERTIFICATE OF SERVICE

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 02-06-2024:

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 02-06-2024
